IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES EDWARD NEWTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-288 (HL) |
| VS. | : | |
| | : | |
| **CARL LIFT,** *et al.,* | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Lift, Butts, Harper, and Hunding. Doc.11. For the following reasons, **IT IS RECOMMENDED** that Defendants' Motion be **GRANTED** in part and **DENIED** in part.

FACTUAL AND PROCEDURAL HISTORY

This action involves claims of deliberate indifference to Plaintiff's serious medical needs. On Motions to Dismiss, all well-pleaded facts in the Complaint are accepted as true, and construed in the light most favorable to the Plaintiff. Because Plaintiff is proceeding *pro se*, his pleadings are liberally construed.

According to the Complaint, the facts of this case are as follows: On May 19, 2009, Plaintiff was transferred from Hays State Prison (Hays) to Hancock State Prison (Hancock). Upon arriving at Hancock, Plaintiff informed Defendants Dr. Lift, Medical Administrator Harper, and Medical Director Butts of his preexisting medical conditions. These conditions included a failing kidney, neck and lower back pain, and a history of chest pain and dizziness. In response, these Defendants laughed. Dr. Lift then ordered that all six of Plaintiff's "chronic care" medications be seized. These medications included Zantac for acid reflux, Anovert for dizziness, Trinidol for blood circulation,

Percogesic for pain, and an unidentified stool softener. Dr. Lift then told Plaintiff that if he wanted to continue taking these medications, he would have to pay for them himself. Plaintiff reacted by writing a letter to Defendant Deputy Warden of Care and Treatment Hunding about his conditions. In his letter, Plaintiff appears to have informed Hunding that, during his confinement at Hays State Prison, Dr. Strow diagnosed him with an enlarged kidney that would eventually require dialysis. In addition, Plaintiff claims that he has since filed several grievances concerning his need for treatment. These grievances, along with his requests to see a kidney specialist and to be put back on chronic care medications, have been denied. As a result, Plaintiff maintains that he has been forced to live in constant pain.

With regard to Dr. Lift, Plaintiff alleges violations of his rights under the Eighth Amendment based upon Lift's deliberate indifference to his many medical needs including his decision to discontinue the chronic care medications identified above. As for Defendant Butts, Plaintiff's claim is that he has refused to investigate or even take an interest in his failing kidney. With respect to Defendant Harper, Plaintiff alleges that she has refused to put him back on chronic care medications or help him with his kidney condition. Finally, Plaintiff contends that Defendant Hunding's treatment of this matter has been cruel and unusual as established by her denial of his grievances and her remark that he did not have a problem.

In relief, Plaintiff seeks orders directing that he be: 1) treated by a specialist outside of the Georgia Department of Corrections; 2) put back on all of his chronic care medications; 3) given treatment, including dialysis, for all future kidney problems; and 4) awarded seven million dollars in damages.

## DISCUSSION

In their Motion to Dismiss, Defendants advance several arguments each of which will be addressed in the order presented.

Exhaustion of Administrative Remedies

In support of this argument, Defendants correctly assert that, with regard to any claims premised upon the alleged discontinuation of his chronic care medication, Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

This argument must be resolved at the second stage of the Turner analysis. In support of their contention that Plaintiff failed to exhaust his remedies, Defendants submitted the affidavit of Hancock State Prison Chief Counselor and Grievance Coordinator Joseph Peal, a copy of the Georgia Department of Corrections Statewide Grievance Procedure, and copies of all documents related to Plaintiff's grievances filed during his confinement at Hancock State Prison. These

documents show that Plaintiff initiated two grievances, both related to allegedly improper medical care.  In the first (20314), Plaintiff complains that the he has been refused treatment for his ailing kidneys and that he needs to see specialist.  Doc.11-2, p.3. In the second (42412), Plaintiff repeats his allegations about the lack of treatment for his kidneys and renews his demand to be seen by a specialist. Doc.11-3, p.2.  These records reveal that the first grievance was denied on appeal and the second voluntarily dropped at the informal level.  Notably, however, neither grievance addresses the Defendants alleged discontinuation of Plaintiff's medication.

In response, Plaintiff maintains that he has evidence of at least one grievance not submitted by the Defendants and, through other documents in his possession, can prove that he "followed the grievance procedure to the letter." Doc. 20.  To date, however, Plaintiff has yet to submit any of the documents referred to in his response.

In the absence of any evidence to support Plaintiff's allegations of exhaustion, the Court must conclude that he has failed to do exhaust the grievance procedures with regard to his allegations involving chronic care medications.  Accordingly, and to the extent that any of his claims are premised solely upon these allegations, they must be **DISMISSED**.

<u>Failure to Allege Facts Sufficient to State a Claim</u>

Plaintiff's contentions that Defendants Lift and Harper refused to provide him with treatment for his kidney condition are, at this stage in the proceedings, adequate to state a claim. To establish a constitutional violation relating to medical treatment, a prisoner must allege acts or omissions sufficiently harmful to evidence "deliberate indifference to a serious medical need."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. <u>Hill v. DeKalb Regional Youth Detention Center,</u> 40 F.3d 1176, 1186 (11th Cir. 1994) ), *overruled in part on other grounds,* <u>Hope v. Peltzer</u>, 536 U.S. 730 at 739 (2002), (citing <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991) (subjective component), <u>Whitley v.</u>

Albers, 475 U.S. 312 (1986)(subjective component), and Rhodes v. Chapman, 452 U.S. 337 (1981)(objective component). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999).

In this case, as discussed above, Plaintiff alleges that, soon after arriving at Hancock State Prison, he informed the Defendants about his preexisting medical conditions. Specifically, Plaintiff maintains that he notified Defendants Harper, Lift, and Butts, both in person and in writing, that he was diagnosed with an enlarged kidney which, according to another physician, would eventually require dialysis. In addition, and as shown by his grievances and other pleadings, Plaintiff claims to have repeatedly sought care and treatment for his kidneys only to have his requests ignored. These assertions are sufficient to allege a claim of deliberate indifference to his serious medical needs on the part of Defendants Lift and Harper. Accordingly, Defendants' request for dismissal of this claim should be **DENIED**.

## Claims Based on Respondeat Superior

Plaintiff's claims against Defendant Medical Director Butts and Defendant Warden of Care and Treatment Hunding are improperly based on a theory of respondeat superior and, as such, must be dismissed. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir.2003) (internal quotation marks and citation omitted). Supervisory officials may only be held liable when they have personally

participated in unconstitutional conduct or where there is "a causal connection between [their] actions ... and the alleged constitutional deprivation." Id. To establish this causal connection, a plaintiff must show that the supervisor: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." Gross v. White, 340 Fed. Appx. 527 (11th Cir. 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir.2007)).

With regard to Defendant Hunding, Plaintiff's allegations are that she denied his grievances and opined that he did not have a problem. As for Defendant Butts, Plaintiff alleges that he refused to investigate or take an interest. Without more, such allegations are simply not sufficient to demonstrate that either Defendant personally participated in any unconstitutional conduct. Moreover, they are also not adequate to show that either Defendant instituted a custom or policy which resulted in a violation of the Plaintiff's constitutional rights; directed their subordinates to act unlawfully; or failed to stop their subordinates from acting unlawfully when they knew they would. Accordingly, Plaintiff's claims against Defendants Butts and Hunding must be **DISMISSED**.

Plaintiff's Claims for Injunctive Relief

Defendants argue that Plaintiff's claims for prospective injunctive relief are barred by the Eleventh Amendment and are not authorized by the PLRA. Defendants contend that Plaintiff has failed to allege an ongoing and continuing violation of federal law. Contrary to this assertion, and as was explained above, Plaintiff allegations concerning the Defendants' ongoing refusal to provide him with treatment for his ailing kidneys are sufficient to state just such a claim. Accordingly, Defendants' request to dismiss these claims must be **DENIED**.

Plaintiff's Claims for Money Damages against Defendants in Their Official Capacities

Claims against a state officials in their official capacity are treated as claims against the state

itself.  Kentucky v. Graham, 473 U.S. 159 (1985).  To the extent that such claims seek anything other than prospective injunctive relief, they are barred by the Eleventh Amendment.  See U.S. Const. amend. XI; Ex Parte Young, 209 U.S. 123 (1908).  Accordingly, Plaintiff's claims against the Defendants in their official capacity seeking monetary damages must be dismissed.

## Qualified Immunity

Defendants contend that, to the extent that they are sued in their individual capacity, they are entitled to qualified immunity because Plaintiff has failed to show that he has suffered any constitutional deprivation.  Contrary to this assertion, Plaintiff has adequately alleged an Eighth Amendment  claim of deliberate indifference to his serious medical needs.  Plaintiff's claims, as stated in his Complaint, amount to more than "a mere disagreement over the method and course of treatment between an inmate and the prison doctors."  Defts.' Br. 23 (Doc. 11).  Plaintiff contends that the doctors were aware he had a serious kidney condition and simply refused to provide any treatment for it.  Such conduct, if proved, would amount to deliberate indifference under clearly established federal law.  See Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).  As such, Defendants have failed to demonstrate that they are entitled to qualified immunity based on the allegations in Plaintiff's Complaint.

## CONCLUSION

In accordance with the above, **IT IS RECOMMENDED** that Defendants' Motion be **GRANTED** in part and **DENIED** in part.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO ORDERED**, this 26th day of August, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge