IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JAMES EDWARD NEWTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-288 (HL) |
| VS. | : | |
| | : | |
| **CARL LIFT,** *et al.,* | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER

Plaintiff James Edward Newton has filed a motion requesting that this Court appoint counsel to represent him in his lawsuit brought pursuant to 42 U.S.C. § 1983. Doc. 34. Generally, no right to counsel exists in civil rights actions. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1986); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. Holt v. Ford, 682 F.2d 850, 853 (11th Cir. 1989).

In accordance with Holt, and upon a review of the record in this case, the Court notes that the Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, his Motion to Appoint Counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to the Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for the Plaintiff to file additional requests for counsel.

In addition to his request for appointed counsel, Plaintiff has also filed a document which he has titled "Objection and Motion to Preserve a Privilege." Doc. 35. Therein, Plaintiff explains that, pursuant to Rule 30(c)(2) of the Federal Rules of Civil Procedure, he is "invoking [the] privilege to object to the suggestive and argumentative manner in which [he] is being questioned in means to embarrass."

The provisions of Rule 30 of the Federal Rules of Civil Procedure apply to depositions by oral examination. Rule 30(c)(2), in particular, relates to objections raised at the time of the examination and provides that::

> [such objections], whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Plaintiff's Motion was executed on January 30, 2012. According to Defendants, Plaintiff's deposition occurred on December 21, 2011. See Doc. 31. Consequently, Plaintiff's attempt to object and/or preserve a privilege based upon the purportedly improper manner of the questions asked during his deposition under the authority of Rule 30(c)(2) is untimely. Accordingly, his Motion must be **DENIED**.

**SO ORDERED,** this 23rd day of February, 2012.

s/Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge