IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES EDWARD NEWTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:10-CV-288 (MTT) |
| | : | |
| CARL LIFT, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed by Defendants Carl Lift and Janice Harper. Doc. 37. To date, Plaintiff James Edward Newton has not responded the Motion. Because Plaintiff has failed to show that there are genuine issues of material fact regarding Defendants' alleged deliberate indifference to Plaintiff's serious medical needs, it is hereby **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

## PROCEDURAL HISTORY

On August 5, 2010, Plaintiff James Edward Newton filed his *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that four named defendants affiliated with Hancock State Prison were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Doc. 1. Specifically, Plaintiff claimed that he was denied appropriate medical care and certain "chronic care" medications for various preexisting medical conditions, including: failing kidneys, neck pain, lower back pain, chest pain, and dizziness. Id. In relief, Plaintiff sought monetary damages in the amount of seven million dollars and injunctive relief in the form of proper medical treatment. Id.

1

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with his claims against all four named defendants. Doc. 5. On October 5, 2010, Defendants Carl Lift, David Butts, Jo Hunding, and Janice Harper filed a Motion to Dismiss. Doc. 11. After reviewing the responses and replies filed by the parties (Docs. 15, 16, 20, and 21), it was recommended that Defendants' Motion to Dismiss be granted in part and denied in part. Doc. 25. On September 22, 2011, the Court adopted the recommendation in its entirety, thereby allowing Plaintiff to proceed with his deliberate indifference claims against Defendants Lift and Harper only. Doc. 28.

On March 19, 2012, following the close of discovery, Defendants Lift and Harper filed the instant Motion for Summary Judgment. Doc. 37. On March 20, 2012, the Court ordered Plaintiff to respond to Defendants' Motion for Summary Judgment within twenty-one days. Doc. 38. When Plaintiff failed to respond, the Court ordered Plaintiff to show cause on or before May 9, 2012 for his failure to respond to the Motion for Summary Judgment. Doc. 39. On May 2, 2012, Plaintiff notified the Court of his transfer from Hancock State Prison to Phillips State Prison, which the Court construed as a timely response to the show cause order. Doc. 41.

The following day, Defendants filed a reply brief, arguing that Plaintiff had failed to rebut the evidence or address the legal arguments set forth by Defendants in the Motion for Summary Judgment. Doc. 42. On May 9, 2012, Plaintiff responded to the show cause order with a letter in which he states that he is unable to provide paperwork because of cataracts and that he is unable to make his bed because of pain in his kidneys. Doc. 43. This letter is Plaintiff's only response to Defendants' Motion for Summary Judgment.[1] Nevertheless, before entering

---

[1] According to the civil docket, Plaintiff's most recent filing in this case occurred on September 10, 2012, when C. Edward Tarwater, styling himself the "Director of Standard of Review Paralegal Services," wrote the Court a letter on behalf of Plaintiff. Doc. 45. Neither this letter nor any other pleading filed by Plaintiff responds to Defendants' Motion.

2

summary judgment for Defendants, the Court must ensure that summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

Because Plaintiff failed to respond to Defendants' Motion for Summary Judgment, the Court accepts as accurate and relies upon the assertions contained within Defendants' evidence submitted in support of the Motion for Summary Judgment. Even so, the Court must view this evidence and all factual inferences drawn from it in the light most favorable to Plaintiff. Viewed in the light most favorable to Plaintiff, the facts of this case are as follows:

On May 19, 2009, Plaintiff was transferred from Hays State Prison to Hancock State Prison. Pl. Comp. (Doc. 1). After his transfer to Hancock State Prison, Plaintiff informed Defendants Lift and Harper about his various preexisting medical conditions, such as, "deteriorating kidneys, chest pains, dizziness, [and] neck and lower back [pain]." Id. In response, Defendants Lift and Harper allegedly laughed, and Defendant Lift ordered that Plaintiff's "chronic care" medications be seized. Id. These "chronic care" medications included: Zantac for acid reflux, Anovert for dizziness, Trinidol for blood circulation, Percogesic for pain, and an unidentified stool softener. Id. Plaintiff alleges that Defendants explained he would have to pay for those medications if he wished to continue taking them. Id.

Plaintiff alleges that that he suffers from "an enlarged kidney […] as well as elevated poison levels" and that he eventually will need dialysis. Id. Plaintiff contends that Defendant Lift was deliberately indifferent to his serious medical needs as illustrated by Defendant Lift's taking Plaintiff's "chronic care" medications. Id. Plaintiff contends that Defendant Harper refused to place Plaintiff back on his "chronic care" medications and refused to help Plaintiff with his

failing kidneys. Id. As a result, Plaintiff claims that he has been forced to "live in constant pain and get only a few hours [of] sleep due to my kidney malfunction." Id.

The evidence in the record shows that Defendant Lift provided Plaintiff with medical treatment during Plaintiff's incarceration at Hancock State Prison. Lift Aff. (Doc. 37-3). Defendant Lift works as the Medical Director at Hancock State Prison. Id. Defendant Lift is a medical doctor specializing in internal medicine, with a subspecialty in nephrology. Id. According to Plaintiff's medical records, Plaintiff has a history of diabetes, high blood pressure, and obesity. Lift Aff. (Doc. 37-3); Medical Records (Doc. 37-5). While Plaintiff was under the care of Defendant Lift, Defendant Lift treated Plaintiff's preexisting medical conditions by monitoring Plaintiff's blood pressure, prescribing appropriate blood pressure medications, and regularly monitoring Plaintiff's blood creatinine levels. Lift Aff. (Doc. 37-3); Pl. Dep. (Doc. 37-5). Additionally, in July 2009, Defendant Lift ordered a renal ultrasound for Plaintiff to rule out any abnormal or cancerous growth on Plaintiff's kidneys after Plaintiff complained about his kidney being enlarged and painful. Id.

The medical records show a reduction in Plaintiff's blood creatinine levels, indicating that Plaintiff's kidney function actually improved under Defendant Lift's care and that dialysis was not necessary during the period at issue. Id.  Plaintiff insists that he should be receiving dialysis treatment and repeatedly testified that Defendant Lift told him his kidneys were "65 percent gone and when they got 75 percent gone, they'd have to do dialysis." Pl. Dep. (Doc. 37-5 at 48-49). Defendant Lift notes, however, that Plaintiff's blood creatinine levels dropped from 2.02 in March 2009 to 1.52 in August 2009.  Id.  According to Defendant Lift, dialysis is not indicated as a treatment for kidney disease until blood creatinine levels approach 10.0. Id.

4

With respect to any claim against Defendant Harper, the evidence in the record shows that Defendant Harper works as the Medical Records Clerk at Hancock State Prison. Harper Aff. (Doc. 37-4). As the Medical Records Clerk, Defendant Harper does not have any responsibility regarding inmate medical care other than occasionally passing out glasses to inmates. Id. Defendant Harper is not a medical professional and does not observe patient visits. Id. Defendant Harper states that she did not have any interaction with Plaintiff in connection with his medical care or treatment and that she had no involvement whatsoever in any decisions or actions related to Plaintiff's medical care or treatment. Id.

## LEGAL STANDARDS

Summary judgment is proper when the evidence shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant bears the burden of establishing the absence of a dispute over a material fact. Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993). The evidence and factual inferences made from the evidence are viewed favorably to the party opposing summary judgment. Reynolds, 989 F.2d at 469.

The moving party must meet its burden even if the non-moving party fails to respond to the motion for summary judgment. A reviewing court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). When considering the merits of an unopposed motion for summary judgment, the reviewing court:

> need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

5

Id. at 1101-1102. Stated another way, the reviewing court cannot simply accept the facts stated in a moving party's statement of material facts as true, but it must also review the movant's citations to the record and confirm that there are no issues of material fact. Id. at 1103 n. 6. Pursuant to Rule 56(c), the court "need consider only the cited materials, but it may also consider other materials in the record." FED. R. CIV. P. 56(c).

## DISCUSSION

Plaintiff alleges that Defendants Lift and Harper were deliberately indifferent to his serious medical needs by failing to provide him with appropriate medical care and certain "chronic care" medications during Plaintiff's incarceration at Hancock State Prison. Plaintiff, however, fails to show that there are genuine issues of material fact regarding Defendants' alleged deliberate indifference to Plaintiff's serious medical needs. As a result, Defendants are entitled to judgment as a matter of law.

To create genuine issues of material fact, Plaintiff must point to evidence that Defendants was deliberately indifferent to Plaintiff's serious medical needs. The Eighth Amendment prohibits cruel and unusual punishment, including deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To establish deliberate indifference, a prisoner must satisfy both an objective and a subjective component. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). Regarding the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). Regarding the subjective component, a prisoner must allege, and ultimately prove, the following three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that

risk; (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Additionally, as with any tort claim, the prisoner must show that an injury was caused by the defendant's wrongful conduct. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

It is not enough to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. Taylor, 221 F.3d at 1258. A prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment" and as such are not actionable. Estelle, 429 U.S. at 105.

In this case, the record establishes that Plaintiff was regularly observed and cared for while he was incarcerated at Hancock State Prison. Defendant Lift not only monitored Plaintiff's blood pressure and blood creatinine levels, but also prescribed appropriate blood pressure medications for Plaintiff. Lift Aff. (Doc. 37-3). In his deposition, Plaintiff confirmed that he met with Defendant Lift and that Defendant Lift ordered an ultrasound of Plaintiff's kidneys in July 2009. Pl. Dep. (Doc. 37-5 at 10-11). Plaintiff also admitted that his blood and his urine were tested approximately every six months to monitor his kidney condition while he was under the care of Defendant Lift. Pl. Dep. (Doc. 37-5 at 11-12). Additionally, Plaintiff conceded that Defendant Lift prescribed Percogesic for Plaintiff to address his complaints of ongoing pain.[2] Pl.

---

[2] Percogesic is one of the "chronic care" medications identified in Plaintiff's complaint as having been seized and withheld from him during his incarceration at Hancock State Prison. Pl. Comp. (Doc. 1).

Dep. (Doc. 37-5 at 14). As part of his treatment of Plaintiff, Defendant Lift concluded that dialysis was not necessary to treat Plaintiff's kidney condition based on Plaintiff's blood creatinine levels. Lift Aff. (Doc. 37-3). Moreover, the reduction in Plaintiff's blood creatinine levels indicated that Plaintiff's kidney function improved while Plaintiff was under the care of Defendant Lift. Id. As such, the evidence in the record undermines Plaintiff's cursory allegations that Defendants failed to provide him with appropriate medical care and took Plaintiff's "chronic care" medications from him.

In light of the evidence in the record, there are no genuine issues of material fact regarding Defendants' alleged deliberate indifference to Plaintiff's serious medical needs. Assuming for the sake of argument that Plaintiff alleges an objectively serious medical need, Plaintiff wholly fails to allege facts tending to show that: (1) Defendants had subjective knowledge of a risk of serious harm; (2) Defendants disregarded that risk; and (3) Defendants' conduct amounted to more than mere negligence. See McElligott, 182 F.3d at 1255. Defendant Harper stated that she did not have any interaction with Plaintiff in connection with his medical care and treatment and that she had no involvement in any decisions or actions related to Plaintiff's medical care or treatment. Harper Aff. (Doc. 37-4). Plaintiff does not identify any specific evidence to contradict the sworn statements in Defendant Harper's affidavit or otherwise demonstrate how Defendant Harper was deliberately indifferent. Defendant Lift also described how he provided Plaintiff with medical care and treatment for his preexisting medical conditions in a sworn affidavit supplemented by Plaintiff's medical records. Lift Aff. (Doc. 37-3); Medical Records (Doc. 37-5). Insofar as Plaintiff disagrees with the course of medical treatment provided by Defendant Lift, such a course of treatment claim is not sufficient to establish deliberate indifference. See Estelle, 429 U.S. at 105. Simply stated, even after viewing the evidence in the

record and all reasonable inferences in the light most favorable to Plaintiff, there is no basis to conclude that Defendants Lift and Harper were deliberately indifferent to Plaintiff's serious medical needs.

## CONCLUSION

Because Plaintiff has failed to show that there are genuine issues of material fact regarding Defendants' alleged deliberate indifference to Plaintiff's serious medical needs, it is hereby **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 31st day of January, 2013.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge